48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Clifford RITTER, Appellant.
 No. 94-3143.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 21, 1995.
 
 Before MCMILLIAN, Circuit Judge; HEANEY, Senior Circuit Judge; and ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Clifford Ritter was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e)(1) and was sentenced to 276 months imprisonment. Ritter seeks to overturn the conviction, claiming that (1) statements by the prosecutor during cross-examination and during closing argument were improper and prejudicial and deprived him of a fair trial, and (2) the district court submitted an erroneous instruction to the jury concerning his prior convictions. We affirm.
 
 
 2
 Ritter points to three separate incidents of allegedly improper statements by the prosecutor. First, during cross- examination of Ritter, the prosecutor and Ritter became involved in a hostile exchange concerning Ritter's prior convictions. During that exchange Ritter stated, "If you impeach my record I will explain to the Jury how I got this," to which the prosecutor retorted, "Well, I don't know that we have that much time, Mr. Ritter because your record is about ten pages long." Tr. 3-75. The district court sustained defense counsel's objection and instructed the jury to disregard the prosecutor's remark. At the close of the evidence and before closing arguments, defense counsel asked for a mistrial due to the prejudice caused by this statement.
 
 
 3
 The district court denied the request, finding no prejudice. The court pointed out that greater leeway is allowed during cross- examination and that the witness was somewhat hostile at the time of the exchange during which the prosecutor made the improper comment. Furthermore, Ritter had already admitted to having five prior convictions, and the jury might reasonably have believed that those convictions could comprise the ten pages referred to by the prosecutor.
 
 
 4
 The second and third incidents of alleged prosecutorial misconduct occurred during closing argument. The prosecutor stated that "this is the type of individual that needs to be prosecuted" and referred to Ritter as "a career criminal who has three stipulated felonies and two others." Tr. 121-22. Defense counsel objected to the statements as improper argument. Without specifically ruling on the objection, the district court indicated to the prosecutor that he was "getting into the punishment area." Id. at 3-122. Later, before the jury was sent to begin deliberations, the trial court gave the jury an instruction not to consider the issue of punishment. Id. at 3-108.
 
 
 5
 The final statement being challenged by Ritter was made during the rebuttal argument. In response to defense counsel's argument that Ritter would not have consented to a search of his residence had he known a loaded rifle was located there, the prosecutor said,
 
 
 6
 No one said the Defendant had to be smart. He went to prison once and goes out and commits another felony four more times, he just goes right back to prison again. So maybe he just wasn't smart that day, just like he wasn't smart the other five times when he got convicted. We are looking at several decades of a person here committing felonies from the beginning to the end.
 
 
 7
 Id. at 3-126. Defense counsel's objection to these comments was overruled. Id.
 
 
 8
 We will not reverse a district court's denial of a request for a mistrial absent an abuse of discretion. United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985). In reviewing the court's decision, we examine whether the challenged comments were improper, the cumulative effect of any misconduct, the strength of the evidence of the defendant's guilt, and the curative actions taken by the trial court. Id. at 460.
 
 
 9
 The prosecutor's first statement concerning Ritter having a record "about ten pages long" was clearly improper, as the trial court recognized in sustaining counsel's objection and directing the jury to disregard the comment. It was a blatant statement and clearly gratuitous under the circumstances. The second statement, in which the prosecutor pointed out Ritter's past convictions and called him a "career criminal" was not improper to the extent that five prior convictions were admitted by Ritter. To the extent that the term "career criminal" might suggest that Ritter deserved to be punished as a lifelong offender, the trial court headed off the danger by telling the prosecutor that he was venturing into the issue of punishment. Finally, there was nothing improper in the prosecutor rebutting defense counsel's rhetorical question of why Ritter would consent to a search of his residence if he knew there was a gun inside, by suggesting that Ritter simply did not make a very smart decision that day, just as he was not very smart when he committed and was convicted for his prior offenses. In the context of this case, in which Ritter admitted to five prior convictions and in which having a prior felony conviction is an element of the offense charged, the prosecutor's references were confined to evidence that was already properly before the jury, and the district court did not err in overruling Ritter's objection to this statement.
 
 
 10
 We conclude that any impropriety from the references to Ritter having a record "about ten pages long" and being a "career criminal" did not prejudice his right to a fair trial. As the trial court recognized, these statements likely had very little effect on a jury that had already heard Ritter admit to five prior convictions.
 
 
 11
 In addition, the district court took proper curative measures. The court immediately instructed the jury to disregard counsel's statement during cross-examination that Ritter had a record "about ten pages long." During the rebuttal closing argument, the court kept the prosecutor from launching into a discussion of what would be appropriate punishment for Ritter. The court also gave the jurors an instruction that they were not to consider the issue of punishment as they deliberated over the charge against Ritter.
 
 
 12
 Finally, the evidence against Ritter showing that he was in possession of a firearm was very strong. Charles McIntire testified that Ritter arrived at his house drinking a can of Busch beer and soon became unruly. McIntire got a pistol, told Ritter to leave, and then saw Ritter start to drive away. McIntire soon heard several shots strike his house and afterward went out into his yard and saw Ritter standing on the opposite side of his car. Ritter then got inside his car and drove away. McIntire's wife, Juanita McIntire, testified that she overheard some of the conversation between her husband and Ritter. When she looked out the window, she saw Ritter start to drive away, then stop, prop a gun on top of the car and point it toward the house, then drive away.
 
 
 13
 Police Chief Thomas Stout testified that he found bullet holes in McIntire's porch and eight .22 caliber cartridge casings at the end of the driveway. He also stated that he seized a .22 rifle and .22 caliber cartridges from Ritter's residence during a search on the same evening as the shooting. The officer further testified that he found a Busch beer can at the crime scene and that its serial number matched the numbers on the remainder of a Busch twelve-pack that was seized from Ritter's residence.
 
 
 14
 Deputy Shawn Davis testified that on the evening Ritter was taken into custody and his residence searched, Davis heard Ritter admit that he had shot at McIntire from his car using the rifle that had just been seized. An expert witness from the crime laboratory told the jury that tests showed the casings at the crime scene were fired from the rifle taken from Ritter's residence. The abundant evidence that Ritter possessed the .22 rifle, as well as the evidence of his prior convictions, leaves no doubt that the prosecutor's statements of which Ritter complains likely had little if any impact on the jury's finding that he was a felon in possession of a firearm.
 
 
 15
 Ritter's only remaining argument can be disposed of with minimal discussion. He contends that the district court erred in refusing to give his version of a jury instruction on the proper use of the evidence of his prior convictions specifically, that the jury must not use evidence of his prior convictions as evidence that he committed the crime charged here. We find that the instruction given by the court adequately and correctly stated the law and indeed that there is very little difference between the two versions. We therefore find no abuse of discretion in the court's refusal to use the version offered by Ritter.
 
 
 16
 Finding no error by the district court, we affirm Ritter's conviction for being a felon in possession of a firearm.